UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

David Milsted,

    Plaintiff,

v.

Michael J. Astrue, Commissioner
of Social Security,

    Defendant.

Case No. 2:10-cv-468

Judge Michael H. Watson
Magistrate Judge King

## OPINION AND ORDER

Plaintiff seeks review of the denial by the Commissioner of Social Security of his application for supplemental security income. On July 26, 2011, the United States Magistrate Judge recommended that the decision of the Commissioner be affirmed and that this action be dismissed. *Report and Recommendation*, Doc. No. 21. This matter is now before the Court on plaintiff's objection to that *Report and Recommendation*. *Objections,* Doc. No. 22. The Court will consider the matter *de novo.* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

This is plaintiff's fourth application for benefits. His third application was denied following an administrative hearing in a decision dated May 25, 2006. Plaintiff did not appeal that decision. *Page ID#* 91–108.

The administrative law judge found that plaintiff has no exertional impairments but, from a mental standpoint, cannot work in contact with members of the public, cannot have

more than occasional contact with supervisors or co-workers, cannot work with over-the-shoulder supervision, and cannot work cooperatively as part of a team or work on projects with co-workers. *Page ID#* 61. The administrative law judge based his findings on the May 25, 2006 administrative decision, pursuant to *Drummond v. Comm'r. of Soc. Sec.*, 126 F.3d 837, 840 (6th Cir. 1997). Because the administrative law judge found that these non-exertional limitations did not significantly erode the occupational base of work at the medium, light, and sedentary exertional levels, *Page ID#* 65, the administrative law judge concluded that plaintiff was not disabled within the meaning of the Social Security Act. *Page ID#* 66.

Plaintiff argued in his *Statement of Errors*, Doc. No. 18, and insists in his *Objections* that the administrative law judge erred in relying on the May 2006 administrative decision:

> . . . Drummond is not appropriately applied here in the face of the mounting evidence of Plaintiff's disabling mental impairment and the long-standing nature of his mental impairments. Plaintiff has been treated with psychotropic drugs for more than ten (10) years and remains unable to function satisfactorily outside his protected living arrangements.

*Objections,* p.2.

In *Drummond*, 126 F.3d at 842, the United States Court of Appeals for the Sixth Circuit held that, absent evidence of an improvement in a claimant's condition or other changed circumstances, a subsequent administrative law judge is bound by the residual functional capacity assessment of a previous administrative law judge. *See also* Acquiescence Ruling 98-4(6):

> When adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has been a change in the law,

> regulations or rulings affecting the finding or the method for arriving at the finding.

63 Fed. Reg. at 29773; 1998 WL 274052.

Thus, the administrative law judge in this case was required to adopt the May 25, 2006 finding as to plaintiff's residual functional capacity unless he determined that there was new and material evidence that demonstrates a change in plaintiff's condition or that there was a change in circumstances. The administrative law judge found that there was no such evidence.

There is substantial support in the record for the administrative law judge's determination in this regard, and that *Drummond* therefore applies. The state agency psychologists expressly concluded, in February and April 2007, that there had been no decline in plaintiff's functioning since the May 25, 2006, administrative decision. *Page ID#* 253; *Page ID#* 272. The consultative examining psychologist found no more than moderate functional limitations in January 2007. *Page ID#* 220–21. Although plaintiff's treating psychiatrist, Kent Colburn, D.O., opined in May 2008 that plaintiff "remains rather disabled by his anxiety," Page ID# 384-85, his treatment notes from June 2007 through April 2009 repeatedly indicate that plaintiff has been doing "fairly well." *See, e.g.*, Page ID# 376–81, 386–87, 390–93. Under these circumstances, the Court concludes that the administrative law judge properly applied *Drummond* in assessing plaintiff's residual functional capacity.

Having carefully reviewed the record, the Court concludes that plaintiff's *Objections* are without merit and they are therefore **DENIED**. The *Report and Recommendation* is **ADOPTED and AFFIRMED**. The decision of the Commissioner of Social Security is **AFFIRMED**.

This action is hereby **DISMISSED**.  The Clerk shall enter **FINAL JUDGMENT** pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**